# In the United States Court of Federal Claims

No. 09-462C

(Filed: February 19, 2010)

*******************************************  *
                                                 *

| | |
|---|---|
| DANIEL MASTROLIA, | * |
| | * Rule 12(b)(1) and 12(b)(6) |
| Plaintiff, | * Motion to Dismiss; 28 U.S.C. |
| | * §1500; Analysis of Operative |
| v. | * Facts Underlying Claims in |
| | * Different Courts; Dismissal of |
| | * Claims Where Court Lacks |
| THE UNITED STATES, | * Jurisdiction, or Where Party |
| | * Failed to State Basis for Claim. |
| Defendant. | * |
| | * |

*******************************************  *

*Ty Hyderally*, Law Offices of Ty Hyderally, PC, Montclair, New Jersey, for Plaintiff.

*Amanda L. Tantum*, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Bryant G. Snee*, Deputy Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## OPINION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Before the Court is Defendant's October 2, 2009 motion to dismiss Plaintiff's July 20, 2009 complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") and 28 U.S.C. § 1500. This case concerns a settlement agreement that Plaintiff Daniel Mastrolia entered into with his former employer, the United States Postal Service ("USPS"), on October 8, 2006. (Compl. ¶ 15.) In the settlement, the parties agreed that the USPS would accommodate Mr. Mastrolia's back disability by limiting the number of hours he would be required to stand each day. Id. at ¶¶ 12-16. Mr. Mastrolia now contends that the USPS breached the 2006 settlement agreement by requiring him to stand excessively and to work in a manner inconsistent with the terms of the agreement. Id. at ¶¶ 17-19. Mr. Mastrolia also asserts that his supervisors denied several requests for him to

transfer to more sedentary positions. <u>Id.</u> at ¶¶ 20-25.  Mr. Mastrolia demands judgment in the amount of $150,000.  <u>Id.</u> at 6.  In addition to actual damages, Mr. Mastrolia seeks damages for emotional distress, liquidated and punitive damages, interest on lost wages, statutory damages, and attorneys' fees and costs.  <u>Id.</u>

On December 4, 2008, prior to filing suit in this Court, Mr. Mastrolia filed a complaint in the United States District Court for the District of Jersey ("district court") against the USPS, the Postmaster General, and certain employees of the USPS.  <u>See</u> District Ct. Compl., <u>Mastrolia v. Potter</u>, No. 08-5967 (D.N.J. filed Dec. 4, 2008).  Mr. Mastrolia generally alleged that the USPS discriminated and retaliated against him for filing a disability discrimination complaint.  <u>Id.</u> at ¶¶ 27-55.  In addition to allegations that the USPS violated the Americans with Disability Act ("ADA") and Section 504 of the Rehabilitation Act of 1973, <u>id.</u> at 13-15, Mr. Mastrolia asserted breach of express and implied contract, and breach of the implied covenant of good faith and fair dealing.  <u>Id.</u> at 16-18.  After filing a complaint in district court, Defendant's counsel apparently informed Mr. Mastrolia that the Court of Federal Claims was the only appropriate venue for his breach of contract claims.  (Pl. Resp. 2.) Subsequently, on July 10, 2009, Mr. Mastrolia filed an amended complaint in the district court deleting the claims based on express or implied contract and the covenant of good faith and fair dealing.  <u>See</u> Am. District Ct. Compl., <u>Mastrolia v. Potter</u>, No. 08-5967 (D.N.J. filed July 10, 2009).  In the amended district court complaint, Mr. Mastrolia seeks compensatory damages in an unspecified amount, damages for humiliation, mental, and emotional distress, statutory damages, liquidated and punitive damages, attorneys' fees and costs, damages for lost wages and benefits, front and back pay or reinstatement, and pre-judgment interest on lost wages.  <u>Id.</u> at 17, 18.  This action is still pending in the district court.

On October 2, 2009, Defendant filed in this Court a motion to dismiss Plaintiff's complaint pursuant to RCFC 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1500.  (Def. Mot. Dismiss 1-2.)  Defendant argues that this Court lacks jurisdiction over Mr. Mastrolia's complaint because he is currently seeking the same relief under the same operative facts in the district court.  <u>Id.</u> at 9-11.  Defendant further notes that this Court lacks jurisdiction over Mr. Mastrolia's request for mental and emotional distress damages, punitive damages, pre-judgment interest, and attorneys' fees and costs.  <u>Id.</u> at 14-17.  In addition, Defendant argues that Mr. Mastrolia's claims are barred because the 2006 settlement does not provide for "actual, presently-due money damages" as required to invoke this Court's jurisdiction.  <u>Id.</u> at 11-14.  Defendant argues in the alternative that Mr. Mastrolia has failed to state a claim upon which relief may be granted.  <u>Id.</u> at 19-26.

On November 2, 2009, Mr. Mastrolia filed his Response to Defendant's motion to dismiss.  (Dkt. #8.)  Mr. Mastrolia asserts that his claims before this Court are not based upon the same operative facts and do not seek the same relief as his amended district court complaint.  (Pl. Resp. 5-7.)  Mr. Mastrolia specifically argues that there are different facts

necessary to establish a *prima facie* case for his discrimination, retaliation, and breach of contract claims. Id. at 7-12. Mr. Mastrolia further argues that his contractual causes of action are properly pled and that he has provided sufficient factual allegations to "raise a right of relief above the speculative level." Id. at 17. Defendant filed its Reply on December 8, 2009 again maintaining that this Court lacks jurisdiction pursuant to 28 U.S.C. § 1500 to hear Mr. Mastrolia's complaint and that Mr. Mastrolia has failed to assert a claim upon which relief may be granted. (Def. Reply 2-14, 17-20.)

For the reasons explained below, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss. The Court finds that Mr. Mastrolia had a claim pending in the district court prior to his filing breach of contract claims in this Court. However, the Court finds that Mr. Mastrolia's district court claim and his claim before this Court are not the same for purposes of 28 U.S.C. § 1500, because the claims do not arise from the same operative facts. Further, while the Court lacks jurisdiction to hear Mr. Mastrolia's claims for punitive damages, pre-judgment interest, and damages for emotional and mental distress, the Court is not precluded from hearing Mr. Mastrolia's remaining requests for damages. Additionally, the Court finds that Mr. Mastrolia has properly stated a breach of express contract claim upon which relief may be granted. However, Mr. Mastrolia's claims for breach of an implied-in-fact contract and breach of the covenant of good faith and fair dealing fail to provide enough factual information to suggest a right to relief. The Court will grant Defendant's 12(b)(6) motion to dismiss these causes of action. In light of the Court's Order, the Court finds no reason to grant Plaintiff's motion to amend his complaint. Accordingly, the Court will schedule a status conference with counsel of record within 20 days to establish further proceedings in this case.

Factual Background[1]

Mr. Mastrolia was employed as an Electronics Technician with the USPS in Kearny, New Jersey from 1991 until April 2007. (Compl. ¶¶ 7-8.) In 2004 and 2005, Mr. Mastrolia severely injured his back while at work and then requested accommodations such as "modified light duty, the ability to work a sedentary position . . . and a safer and more ergonomic chair" due to his disability. Id. at ¶¶ 9-10. In March 2005, after these requests were denied, Mr. Mastrolia filed an Equal Employment Opportunity ("EEO") complaint alleging discrimination. Id. at ¶ 11.

On October 8, 2006, the parties reached an agreement settling Mr. Mastrolia's EEO claims. (Compl. ¶ 15.) The settlement agreement provided, among other things, that the

---

[1] The facts discussed in this Opinion do not constitute findings of fact by the Court. The facts cited herein are either undisputed or alleged and assumed to be true for purposes of the pending motion.

USPS would be bound by the work capacity evaluation of Dr. Arginteanu, Mr. Mastrolia's neurosurgeon, which sets forth various restrictions and limitations for Mr. Mastrolia. (Compl. ¶ 16; Settlement Agreement Hr'g Tr. 5-6, Def. Mot. Dismiss, App. 45-46.)  For example, according to Mr. Mastrolia's complaint, Dr. Arginteanu opined that Mr. Mastrolia:

> . . . should not walk for more than two (2) hours per day, should not stand for more than three (3) hours per day, should not twist for more than 1 hour per day, should not push or pull more than fifty (50) pounds for more than a two (2) hour period, should not lift more than twenty (20) for more than a two (2) hour period.

(Compl. ¶ 13.)  The settlement agreement required Mr. Mastrolia to notify a supervisor if he felt physically unable to complete an assigned task so that the supervisor might make efforts to accommodate him.  (Compl. ¶ 16; Settlement Agreement, Hr'g Tr. 7-9.)

After the settlement agreement, Mr. Mastrolia asserts that he was required to stand in excess of four to five hours on Advanced Facer Canceller System machines, which caused pain to his back and was inconsistent with his medical restrictions.  (Compl. ¶¶ 17-19.)  Mr. Mastrolia also requested to work in a more sedentary position  and to have a parking space closer to his work entrance.  Id. at ¶¶ 20, 23.  The USPS allegedly denied both of these requests.  Id. at ¶¶ 22, 25.  Mr. Mastrolia subsequently filed the underlying complaint in this Court on July 20, 2009 asserting that the USPS breached the 2006 settlement agreement, and as a "proximate and direct result" of Defendant's actions, Mr. Mastrolia suffered "physical pain, limited ability to enjoy his life, emotional distress, humiliation, and embarrassment." Id. at ¶ 26.

## Standards of Review

Defendant requests this Court to dismiss Mr. Mastrolia's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and 28 U.S.C. § 1500.  Defendant also asserts other jurisdictional challenges, including, among other things, that this Court lacks jurisdiction to provide a remedy for Plaintiff's breach of contract claims, or to entertain Mr. Mastrolia's claims for pain and suffering and emotional distress.  (Def. Mot. Dismiss 11-15.) Defendant alternatively argues that Mr. Mastrolia's claims should be dismissed for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6).  Id. at 19-26.

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Jurisdiction must be established before the Court may proceed with the merits of this or any other action." OTI Am. Inc. v. United States, 68 Fed. Cl. 108, 113 (2005) (citing Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 88-89 (1998)).  In ruling upon a motion to

dismiss for lack of subject matter jurisdiction, the Court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by, Harlow v. Fitzgerald, 457 U.S. 800 (1982)).  Plaintiff need only make a *prima facie* showing of jurisdictional facts in order to survive a motion to dismiss.  Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003).  Plaintiff also bears the burden of establishing by a preponderance of the evidence the facts sufficient to invoke the Court's jurisdiction.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  In determining whether the plaintiff has met this burden, the Court may look "beyond the pleadings and 'inquire into jurisdictional facts' in order to determine whether jurisdiction exists."  Lechliter v. United States, 70 Fed. Cl. 536, 543 (2006) (quoting Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)).  This Court will dismiss for lack of subject matter jurisdiction only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Frymire v. United States, 51 Fed. Cl. 450, 454 (2002) (quotations omitted).

     B.  Motion to Dismiss for Failure to State a Claim

When considering a motion to dismiss for failure to state a claim upon which relief may be granted, the Court "must accept as true all of the allegations in the complaint, . . . and [the Court] must indulge all reasonable inferences in favor of the non-movant."  Laudes Corp. v. United States, 86 Fed. Cl. 152, 160 (2009) (citing Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001)).  To state a claim, the complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing of entitlement to relief.  Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Bell Atl. Corp., 550 U.S. at 555.  Plaintiff need not set out in detail the facts upon which the claims are based; however, there must be enough facts to state "a claim to relief that is plausible on its face."  Cary, 552 F.3d at 1376.  A complaint will therefore only be dismissed pursuant to RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  Laudes Corp., 86 Fed. Cl. at 160 (citing Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002)); see also Morse Diesel Int'l, Inc. v. United States, 66 Fed. Cl. 788, 797 (2005) (noting that dismissal is only proper where a plaintiff can "prove no set of facts in support of his claim which would entitle him to relief.").

Discussion

    A.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

        1.  28 U.S.C. § 1500 Does Not Divest the Court of Jurisdiction in this Instance.

The Tucker Act confers jurisdiction upon this Court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . or upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1) (2006).  However, the Tucker Act's jurisdictional grant is limited by 28 U.S.C. § 1500, which provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in any respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

This statute, passed in the post-Civil War era, was intended to preclude Southern cotton growers from filing duplicative actions in an attempt to recover the value of the property that they were forced to abandon during the war.  See, e.g., Yankton Sioux Tribe v. United States, 84 Fed. Cl. 225, 229 (2008); UNR Indus., Inc. v. United States, 962 F.2d 1013, 1017-19 (Fed. Cir. 1992).  The underlying purpose of the statute was "to force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court" and "to prevent the United States from having to litigate and defend against the same claim in both courts."  Harbuck v. United States, 378 F.3d 1324, 1328 (Fed. Cir. 2004) (en banc) (citing UNR Indus., Inc., 962 F.2d at 1021); see also OSI, Inc. v. United States, 73 Fed. Cl. 39, 44 (2006).

Historically, the Court has interpreted § 1500 to apply when the claimant "has pending in any other court any suit or process against the United States."  Keene Corp. v. United States, 508 U.S. 200, 206 (1993); County of Cook, Ill. v. United States, 170 F.3d 1084 (Fed. Cir. 1999); United Keetowah Band of Cherokee Indians in Okla. v. United States, 86 Fed. Cl. 183, 187 (2009).  Whether another claim is "pending" for purposes of § 1500 depends upon "the state of things at the time of the action brought."  Keene Corp., 508 U.S. at 207; Lovelades Harbor, Inc. v. United States, 27 F.3d 1545, 1548 (Fed. Cir. 1994) (stating that another claim is considered 'pending' for purposes of § 1500 "at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action.").  Thus, a claim is considered "pending" whenever "another claim has *already* been filed in a different court *at the time* the complaint is filed in this [C]ourt."  Nez Perce Tribe v. United States, 83 Fed. Cl. 186, 190 (2008) (emphasis in original).

In this case, Mr. Mastrolia does not contest that he had another claim pending before the district court when he filed his claim in this Court.  Mr. Mastrolia's initial complaint in district court was filed on December 3, 2008, and later amended on July 10, 2009.  Mr.

Mastrolia filed his complaint in this Court ten days later on July 20, 2009. Mr. Mastrolia's amended district court complaint was therefore pending when he filed his complaint in the Court of Federal Claims. This case thus hinges on whether Mr. Mastrolia's claims before this Court and the district court are the same for purposes of § 1500. Lovelaides Harbor Inc., 27 F.3d at 1550-51.

In order for two claims to be considered the "same claim" under § 1500, they must arise from the same operative facts and seek the same relief. United Keetowah Band of Cherokee Indians in Okla., 86 Fed. Cl. at 187; Harbuck, 378 F.3d at 1328. Only if both of these conditions are met will this Court be divested of subject matter jurisdiction. United Keetowah Band of Cherokee Indians in Okla., 86 Fed. Cl. at 187; Heritage Minerals, Inc. v. United States, 71 Fed. Cl. 710, 716 (2006); Harbuck, 378 F.3d at 1328-39. Conversely, if a claim in the Court of Federal Claims "*either* arises from different operative facts or seeks completely different relief than the earlier filed action," then the Court of Federal Claims maintains jurisdiction. Tohono O'Odham Nation v. United States, 559 F.3d 1284, 1288 (Fed. Cir. 2009) (emphasis in original); see also d'Abrera v. United States, 78 Fed. Cl. 51, 57 (2007) (noting that § 1500 is not implicated when a plaintiff's claims are based on different operative facts or seeking different remedies). Because this Court concludes that Mr. Mastrolia's district court suit and the instant suit are based upon different operative facts, Mr. Mastrolia has not run afoul of 28 U.S.C. § 1500.

### a. "Same Operative Facts" Analysis

"Deciding if the claims are the same or distinctly different requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." Lovelaides Harbor Inc., 27 F.3d at 1549. When comparing the claims as § 1500 requires, the Court "looks to the set of operative facts alleged and not the legal theory that is argued." Harbuck, 58 Fed. Cl. at 269; Keene Corp., 508 U.S. at 212 ("That . . . two actions [are] based on different legal theories [does] not matter."); Yankton Sioux Tribe, 84 Fed. Cl. at 231 (noting that "it is the similarity of the operative facts . . . that controls, rather than the underlying theories."); Lovelaides Harbor, Inc., 27 F.3d at 1549 ("[I]t is the operative facts and not the legal theories by which claims may be distinguished under § 1500 . . . . ").

On the one hand, "[c]laims are the same where they arise from the same operative facts even if the operative facts cannot all be brought in one court." Harbuck, 378 F.3d at 1329 (quoting Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988)). On the other hand, where a material factual difference exists between the two claims, they are not considered the same for purposes of § 1500. d'Abrera, 78 Fed. Cl. at 57-58. Thus, it is only where the material facts supporting each claim are the same or similar will § 1500 be implicated. See Branch v. United States, 29 Fed. Cl. 606, 609 (1993); see also Griffin v.

United States, 85 Fed. Cl. 179, 185 (2008), aff'd, 590 F.3d 1291, 1294-93 (Fed. Cir. 2009); Harbuck, 58 Fed. Cl. at 269 ("[I]t is sufficient that [the facts] are substantially the same.").

In Cooke v. United States, the plaintiff filed a complaint in district court alleging unequal pay in violation of the Equal Pay Act ("EPA") and retaliatory action by the government under the Fair Labor Standards Act ("FLSA"). 77 Fed. Cl. 173, 175 (2007). The plaintiff later amended her district court claim by withdrawing the FLSA claim and moving to transfer the EPA claim to the Court of Federal Claims. Id. at 175-76. After the district court granted the transfer and the Court of Federal Claims accepted the new filing, the plaintiff filed a new claim in the district court alleging retaliatory action by the government in violation of the FLSA. Id. at 176. The Court found that a material difference existed in the operative facts between the plaintiff's two claims in district court and the Court of Federal Claims. Id. at 178. The Court reasoned that while the plaintiff's district court claim was premised on gender discrimination, her Court of Federal Claims action was not. Id. The Court therefore denied the defendant's motion to dismiss pursuant to § 1500, holding that the plaintiff "asserted a *separate and distinct claim* from her [d]istrict [c]ourt case." Id. at 177. (emphasis added).

Other cases finding § 1500 inapplicable have reasoned that a material factual difference exists between the plaintiff's two claims. In d'Abrera, for example, the Court concluded that while the plaintiff's Lanham Act claim involved allegations that the defendant misrepresented the plaintiff's photographs as his own, the plaintiff's copyright infringement claim involved allegations that defendant reproduced and distributed plaintiff's photographs without permission. 78 Fed. Cl. at 58-59. Section 1500 therefore did not divest the Court of jurisdiction because the claims involved different conduct. Id. at 60. Similarly, in Heritage Mineral, Inc., the plaintiffs appealed a claim in the Third Circuit concerning the Navy's alleged contamination of their groundwater, and then brought a claim in the Court of Federal Claims pertaining to the installation and maintenance of groundwater monitoring wells. 71 Fed. Cl. at 711. Reasoning that the installation and maintenance of the monitoring wells involved "different conduct" than the contamination issue before the court of appeals, the Court found that the two claims did not involve the same operative facts and therefore dismissed the defendant's motion to dismiss. Id. at 716.

Conversely, the Court has applied § 1500 to dismiss an action where the similarities between a plaintiff's district court and Court of Federal Claims complaint "extend beyond mere background facts." Ak-Chin Indian Cmty. v. United States, 80 Fed. Cl. 305, 318 (2008). For example, in Harbuck, the Federal Circuit held that plaintiff's transferred claim under the EPA and her district court claim under Title VII of the Civil Rights Act were no more than "different manifestations of the same underlying claim" that the Air Force discriminated against women by compensating them less than their male counterparts. 378 F.3d at 1329. Similarly, in Ak-Chin Indian Cmty., the Court found that because it would have to "analyze

the same facts regarding the government's management and administration of the same trust funds and assets over the same period," plaintiff's claims in district court and this Court arose from the same operative facts.  80 Fed. Cl. at 318; see also OSI, Inc., 73 Fed. Cl. at 45 (finding the government's conduct in contaminating plaintiff's property was the "*sine qua non*" of both the takings claims and the district court claims.) (emphasis in original).

In his opposition to Defendant's motion to dismiss, Plaintiff argues that while his two claims share a similar factual background, there is a material difference between the operative facts in each case rendering § 1500 inapplicable.  (Pl. Resp. 6-7.)  The Court agrees.  A careful comparison of the facts in Mr. Mastrolia's amended district court complaint and his suit filed in this Court demonstrates that Mr. Mastrolia's two claims are grounded in different sets of operative facts.  That is, the operative facts underlying the district court suit are the USPS's alleged discriminatory and retaliatory actions in response to Mr. Mastrolia's EEO complaint.  (Am. District Ct. Compl. ¶¶ 42-50, 56-66.)  In contrast, the operative facts underlying the instant action are the USPS's alleged non-compliance with the 2006 settlement agreement.  (Compl. ¶¶ 16-21, 23-25.)  Indeed, Mr. Mastrolia's district court complaint is premised on him being "singled out" by his supervisors due to his back injury and subsequent EEO complaint.  See e.g., Am. District Ct. Compl. ¶¶ 70-75.  Mr. Mastrolia's claim in this Court, however, focuses on his employer allegedly failing to comply with the 2006 settlement agreement by denying Mr. Mastrolia's requests to accommodate his physical limitation.  See e.g., Compl. ¶¶ 16-22.  Like the plaintiff in Cooke, Mr. Mastrolia asserted a "separate and distinct" breach of contract claim in this Court in comparison to his district court ADA discrimination and retaliation claims.  77 Fed. Cl. at 177.

Notably, as Defendant points out, some of the factual allegations that Mr. Mastrolia asserts in the instant case match those in his district court complaint.  See Def. Mot. Dismiss 10-11, Def. Reply 9-11.  For example, Mr. Mastrolia states that he underwent a work capacity evaluation and that he entered into a settlement agreement with the USPS requiring his supervisors to accommodate his back condition in accordance with the evaluation.  Compare Compl. ¶¶ 12-15, with Am. District Ct. Compl. ¶¶ 23-27.  Similarly, in both complaints, Mr. Mastrolia alleges that he requested closer parking and a transfer to the Master Control Room and that both requests were denied.  Compare Compl. ¶¶ 20-25, with Am. District Ct. Compl. ¶¶ 35-37, 53-55.  The Court finds that references to these factual allegations in his district court complaint serve more as background facts in the description of his underlying retaliation and discrimination claims.  Indeed, Mr. Mastrolia's complaint in the district court alleges other operative facts not asserted in this Court.  For example, his district court amended complaint asserts that Mr. Mastrolia was "berated" and "yelled at" by his supervisor in front of other employees.  (Am. District Ct. Compl. ¶¶ 64-66.)  Similarly, Mr. Mastrolia alleges in his amended complaint that his employer began to question him before his co-workers about his physical condition and medical limitations.  Id. at ¶¶ 71-75.  Mr. Mastrolia also notes in his amended complaint that his supervisors issued several disciplinary actions against him,

all of which he contests were retaliatory. Id. at ¶¶ 47, 49, 79-128. Unlike his complaint in district court, Mr. Mastrolia's complaint in this Court does not allege that he was discriminated or retaliated against for filing an EEO complaint.

While the fact that Mr. Mastrolia's district court and Court of Federal Claims actions pursue different legal theories is not dispositive, the fact that his claims are based on different sets of facts is significant. Because Mr. Mastrolia's district court claims involve distinct government conduct, with different material facts relevant to one claim and not the other, this Court finds that Mr. Mastrolia's actions do not arise from the same operative facts. Because resolution of the "same operative facts" test is dispositive, the Court does not need to address the "same relief" analysis. The Court therefore DENIES Defendant's motion to dismiss pursuant to 28 U.S.C. § 1500.

### b. Plaintiff's Request to Amend His Complaint

In connection with his opposition to Defendant's motion to dismiss pursuant to § 1500, Mr. Mastrolia also seeks to amend his complaint to remove what he refers to as "extraneous language." (Pl. Resp. 12.) In light of the Court's Order denying Defendant's motion to dismiss for § 1500 purposes, the Court finds no reason for Mr. Mastrolia to submit an amended complaint. Plaintiff's request therefore is DENIED.

### 2. The Administrative Procedures Set Forth in the Settlement Agreement Do Not Preclude an Action for Monetary Damages in this Court.

Defendant argues that this Court lacks jurisdiction to provide a remedy for the alleged breach of the 2006 settlement agreement because Mr. Mastrolia failed to present a claim for "actual, presently-due money damages from the United States." (Def. Mot. Dismiss 11-14) (citing United States v. King, 395 U.S. 1, 3 (1969)). Specifically, Defendant contends that the settlement agreement contains no explicit contractual obligations requiring the payment of monetary damages. Id. at 12.

In order to invoke the Court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), the plaintiff must "identify an express or implied contract, a constitutional provision, a statute, or a regulation that provides a separate substantive right to money damages against the United States." Greenhill v. United States, 81 Fed. Cl. 786, 790 (2008) (citing Tippett v. United States, 185 F.3d 1250, 1254-55 (Fed. Cir. 1999)). Here, Mr. Mastrolia points to the 2006 settlement agreement in arguing that the USPS's breach resulted in monetary damages of $150,000. (Compl. ¶¶ 17, 22, 25, 28.) This Court has continually held that settlement agreements fall within the definition of a contract as used in the Tucker Act. See e.g., Stovall v. United States, 71 Fed. Cl. 696, 698 (2006) ("[D]ecisional law leaves no doubt that settlement agreements generally fall within th[e] definition [of a contract].");

see also Kasarsky v. Merit Sys. Prot. Bd., 296 F.3d 1331, 1336 (Fed. Cir. 2002) ("Disputes involving settlement agreements are governed by contract principles."); Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988) ("It is axiomatic that a settlement agreement is a contract."). Where a contract – like a settlement agreement – is breached, the law presumes that a damages remedy will be available. Patterson v. United States, 84 Fed. Cl. 583, 584 (2008); Sanders v. United States, 252 F.3d 1329, 1334 (Fed. Cir. 2001). Indeed, monetary damages are the default remedy for breach of contract under the Tucker Act. Thus, contrary to Defendant's assertions, there is "no generic requirement . . . that contracts must include specific language indicating that damages will be paid upon a breach." Stovall, 71 Fed. Cl. at 700. As Judge Allegra correctly noted in Stovall, the requirement that there be explicit language mandating payment of monetary damages "applies only to a narrow band of cases . . . involving agreements only entered into by the sovereign," which is not applicable here. Id.

Defendant argues that Mr. Mastrolia is obligated to comply with Equal Employment Opportunity Commission ("EEOC") regulations, 29 C.F.R. §1614.504(a), which state in relevant part that "the complainant shall notify the EEO Director, in writing of [an] alleged noncompliance [with the settlement agreement] within 30 days . . . ." (Def. Mot. Dismiss 13.) Defendant argues that this provision is the exclusive equitable remedy available in the settlement agreement and therefore Mr. Mastrolia is not entitled to monetary damages. Id. The Court does not agree. In Greenhill, the Court concluded that monetary damages would be available upon breach in a similar case involving a settlement agreement with the government. 81 Fed. Cl. at 791. The settlement agreement in Greenhill stated that the plaintiff "must" notify the agency's EEO office pursuant to the procedures detailed in 29 C.F.R. §1614.504(a). Id. at 792. The Court held that use of the word "must" in the settlement agreement only meant that plaintiff is obligated to notify the EEO Director "if [the plaintiff] chooses to pursue the administrative process." Id. (emphasis in original). The Court concluded that the language of the settlement agreement did not preclude an action for damages in this Court. Id. The Court can find no material difference between the instant case and Greenhill. Indeed, like in Greenhill, EEOC regulations requiring Mr. Mastrolia to notify the EEO director are purely "procedural matter[s]" that do not preclude Mr. Mastrolia from bringing his claims in federal court. See also Patterson, 84 Fed. Cl. at 585.

Defendant attempts to distinguish Mr. Mastrolia's case from Greenhill, and instead likens it to Doe v. United States, 513 F.3d 1348 (Fed. Cir. 2008), where the Federal Circuit found that the collective bargaining agreement at issue provided plaintiffs with the exclusive procedure available, thereby prohibiting plaintiffs from bringing their grievances to the Court of Federal Claims. Id. Defendant's reliance on Doe is misplaced. In Doe, the collective bargaining agreement provided that its administrative grievance procedure was "the *exclusive* procedure available to bargaining unit employees." Id. at 1355 (emphasis added). The 2006 settlement agreement between Mr. Mastrolia and the USPS does not contain such express

language.  The Court therefore concludes that it has jurisdiction to consider Mr. Mastrolia's breach of contract claims for monetary damages under the Tucker Act.

### 3. The Court Lacks Jurisdiction to Award Damages for Emotional Distress, Punitive Damages and Pre-judgment Interest.

Defendant argues that Mr. Mastrolia's requests for damages for mental and emotional distress "sound in tort" and therefore are not subject to this Court's jurisdiction.  (Def. Mot. Dismiss 14-15; Def. Reply 15-16.)  Counts I through III of Mr. Mastrolia's complaint allege that he suffered "mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition" as a result of the USPS's breach of the settlement agreement, the implied duty of good faith and fair dealing, and an implied contract. (Compl. ¶¶ 31, 35, 41.)  Based upon these damages, Mr. Mastrolia has requested an unspecified amount for emotional and mental distress.  Id. at 6.

Defendant is correct that the Court of Federal Claims lacks jurisdiction to entertain claims sounding in tort.  See 28 U.S.C. § 1491(a)(1) (2006); see also Keene Corp., 508 U.S. at 214 ("tort cases are outside the jurisdiction of the Court of Federal Claims"); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction.  It lacks jurisdiction over tort actions against the United States."). Indeed, "[c]laims for pain and suffering, emotional distress, and mental anguish sound in tort." Ancman v. United States, 77 Fed. Cl. 368, 373 (2007).  As such, this Court lacks jurisdiction to award damages for pain and suffering and emotional distress.  See Pratt v. United States, 50 Fed. Cl. 469, 482 (2001) ("Except in limited circumstances related to common carriers and innkeepers not applicable here, this court cannot award damages for the emotional consequences of a breach of contract because such consequences are speculative as a matter of law."); Bohac v. Dept. of Agric., 239 F.3d 1334, 1341 (Fed. Cir. 2001) ("[i]t is well established that, as a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract . . . .").  Accordingly, Mr. Mastrolia's request for "damages for humiliation, mental and emotional distress" are DISMISSED for want of jurisdiction.

Mr. Mastrolia's request for punitive damages also is clearly beyond this Court's purview.  See Compl. 6.  It is well-established that the Court of Federal Claims lacks authority to grant punitive damages.  See Greene v. United States, 65 Fed. Cl. 375, 379 (2005) (citing Garner v. United States, 230 Ct. Cl. 941, 943 (1982)); Vincin v. United States, 199 Ct. Cl. (1972)); see also Shafer v. United States, No. 08-103C, 2008 WL 1992134, at *n.8 (Fed. Cl. Feb. 27, 2008).  The United States has not waived sovereign immunity with regard to punitive damages.  As such, Mr. Mastrolia's request for punitive damages also is DISMISSED.

-12-

Mr. Mastrolia also seeks "lawful interest – including pre-judgment interest on lost wages" and "pre-judgment interest on any wages not paid in a timely manner." (Compl. 6.) Defendant argues that Mr. Mastrolia's request for pre-judgment interest should be dismissed pursuant to RCFC 12(b)(6). (Def. Mot. Dismiss 16.) While this Court may award interest against the United States, the Court may only do so "under a contract . . . *expressly* providing for payment thereof." See 28 U.S.C. § 2516(a) (2006) (emphasis added). Mr. Mastrolia has not alleged, nor does the 2006 settlement agreement contain, any provision granting pre-judgment interest. Mr. Mastrolia's request for pre-judgment interest therefore is DISMISSED.

### B. Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted

#### 1. Plaintiff has Adequately Alleged Breach of the Settlement Agreement.

Defendant asserts that Mr. Mastrolia's complaint fails to state a claim upon which relief may be granted. (Def. Mot. Dismiss 19.) Defendant specifically notes that Mr. Mastrolia has failed to point to a duty imposed on the USPS by the settlement agreement or to allege that the breach of the settlement agreement was the proximate cause of the damages claimed. Id. at 19-21. RCFC 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is not required to provide "detailed factual allegations" to be considered well-pleaded. See Bell Atl. Corp., 550 U.S. at 555. Rather, it is sufficient that the factual allegations (assumed to be true) rise above the speculative level to entitle a plaintiff to the right to relief. Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004)). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable," and "that a recovery is very remote and unlikely." Id. at 556. Mere "labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Id. at 555. To survive a motion to dismiss, the claim must simply allow the Court to "draw the reasonable inference that defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).

To establish a contract with the government, a plaintiff must show: (1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity in offer and acceptance; and (4) a government representative who had actual authority to bind the government in contract. Demes v. United States, 52 Fed. Cl. 365, 369 (2002); see also Cruz-Pagan v. United States, 35 Fed. Cl. 59, 60 (1996). Mr. Mastrolia has identified the 2006 settlement agreement as the document at issue and this Court has already stated that settlement agreements are contracts. Indeed, Defendant acknowledges that the parties entered into a settlement agreement in an effort to accommodate Mr. Mastrolia's physical limitations. (Def. Mot. Dismiss 4.) Defendant contends, however, that provisions of the 2006 settlement agreement create no duty on the USPS to provide Mr. Mastrolia with the accommodations he requested. Id. at 22.

Defendant specifically points to portions of the work capacity evaluation which state that Mr. Mastrolia should walk no more than two hours daily and should stand no more than three hours each day. Id. at 21. To carve out the USPS's duty under the settlement agreement to this portion of the work capacity evaluation is improper. The 2006 Settlement Agreement Hearing Transcript provides that "in the event that Mr. Mastrolia is assigned to do a task . . . [that] he feels . . . is outside his limitations . . . he is to notify a supervisor, and the supervisor . . . will make every effort to [en]sure . . . that he's accommodated."[2] (Settlement Agreement Hr'g Tr. 7.) Such information is more than adequate for the Court to draw a reasonable inference that a duty may have been imposed on the USPS by the settlement agreement.

Further, Mr. Mastrolia has adequately alleged that the USPS breached the 2006 settlement agreement by failing to accommodate his requests. (Compl. ¶¶ 28-30.) Mr. Mastrolia also adequately alleged that he suffered physical discomfort, among other damages, as a result of Defendant's actions with respect to the settlement agreement. (Compl. ¶ 31.) "Greater specificity in pleading the essential elements of breach, proximate cause, and damages is not required at this stage of the case." Greenhill, 81 Fed. Cl. at 793.

In its 12(b)(6) motion, Defendant also points to Mr. Mastrolia's allegations that the USPS had contractual obligations to him in "employment documents, handbooks, guidebooks, and other contracts." (Def. Mot. Dismiss 19; Def. Reply 17-18.) Defendant asserts that Mr. Mastrolia's reference to these unspecified documents fail to give it appropriate notice as to what his claims may be. (Def. Mot. Dismiss 20.) The Court agrees that Mr. Mastrolia's reference to such documents is vague. Indeed, Mr. Mastrolia failed to provide any information as to which employment documents the USPS was contractually bound. However, the Court declines the invitation to wholly dismiss his breach of contract claim on this basis alone. Defendant suggests that it will seek a more definite statement in the event the Court denies its motion or grant it only in part. (Def. Mot. Dismiss n.9.) Defendant is welcome to do so if it wishes. However, Defendant's motion to dismiss Mr. Mastrolia's breach of an express contract claim for failure to state a claim upon which relief may be granted is DENIED.

### 2. Plaintiff Has Failed to Allege a Breach of the Implied Covenant of Good Faith and Fair Dealing.

While Mr. Mastrolia has adequately alleged a breach of an express contract claim, his breach of the covenant of good faith and fair dealing claim fails to provide enough factual information to suggest an entitlement to relief. The covenant of good faith and fair dealing

---

[2] Although the settlement agreement was not attached to the complaint, the Court must consider documents incorporated by reference when ruling on a Rule 12(b)(6) motion to dismiss. See Patterson, 84 Fed. Cl. at 585 n.1 (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

imposes obligations on the contracting parties, including the duty "not to interfere with the other party's performance and not to act so as to destroy the reasonable expectations of the other party regarding the fruits of the contract." <u>Centex Corp. v. United States</u>, 395 F.3d 1283, 1304 (Fed. Cir. 2005). The Court observes that "in every contract there exists an implied covenant of good faith and fair dealing." <u>S. Cal. Edison v. United States</u>, 58 Fed. Cl. 313, 325 (2003) (citing 13 Williston on Contracts § 38:15 at 437)). Furthermore, it is well-established that government employees, like private individuals, are *presumed* to perform their duties in good faith. <u>See</u> <u>Asco-Falcon II Shipping Co. v. United States</u>, 32 Fed. Cl. 595, 604 (1994); <u>Torncello v. United States</u>, 681 F.2d 756, 771 (Fed. Cir. 1982). Thus, in order to state a claim premised on a violation of the implied covenant of good faith and fair dealing, "plaintiffs must allege and prove, by clear and strong evidence, specific acts of bad faith on the part of the government." <u>Asco-Falcon II Shipping Co.</u>, 32 Fed. Cl. at 604 (quoting <u>Cont'l Collection & Disposal, Inc. v. United States</u>, 29 Fed. Cl. 644, 652 (1993)); <u>Rodriquez v. United States</u>, 69 Fed. Cl. 487, 499 (2006) (stating that plaintiff must "allege and prove facts constituting a specific intent to injure [the] plaintiff on the part of a government official."); <u>S. Cal. Edison</u>, 58 Fed. Cl. at 325 (finding that the plaintiff "must allege facts which if proved would constitute malice or an intent to injure").

Here, Mr. Mastrolia has not provided the Court with any allegations indicating bad faith on the part of the USPS. In his complaint, Mr. Mastrolia merely states that his supervisors denied his requests to move to the Master Control Room or to have a parking space closer to his work entrance. <u>See</u> Compl. ¶¶ 19-21, 23-25. Mr. Mastrolia's complaint does not allege that his supervisors acted intentionally or willfully in denying his claim. Indeed, Mr. Mastrolia's claim lacks any reference or indication that the USPS acted with a specific intent to injure him. While Mr. Mastrolia correctly states that the covenant of good faith and fair dealing exists in every contract (Pl. Resp. 18), he has failed to state sufficiently a claim based on a violation of this covenant. Mr. Mastrolia's allegation of breach of an implied covenant of good faith and fair dealing therefore is DISMISSED for failure to state a claim upon which this Court may grant relief.

### 3. Plaintiff Failed to Properly Plead an Implied-in-Fact Contract Claim.[3]

---

[3] In connection with its 12(b)(1) motion to dismiss, Defendant asserts that to the extent Mr. Mastrolia is attempting to allege a breach of an "implied-in-law" contract, this Court lacks jurisdiction to entertain such a claim. The Court agrees that it lacks jurisdiction over implied-in-law claims. <u>See e.g.</u>, <u>LaMirage, Inc. v. United States</u>, 44 Fed. Cl. 192, 200 (1999). While Plaintiff provides little clarity as to which type of implied contract he intended to plead, he refers – albeit improperly cited – to <u>Lowe v. United States</u>, 80 Fed. Cl. 420 (2008), a breach of an implied-in-fact contract case where the Court held that the plaintiff failed to state a claim upon which relief could be granted. (Pl. Resp. 17.) Based on this reference, the Court will proceed on the premise that Mr. Mastrolia intended to assert a claim for a breach of an implied-in-fact contract and therefore only will address Defendant's 12(b)(6) motion to dismiss this

(continued...)

Defendant asserts that Mr. Mastrolia's breach of an "implied-in-fact" contract should be dismissed because he has failed to plead properly the required elements of this claim. (Def. Mot. Dismiss 22-23; Def. Reply 16-17.) An implied-in-fact contract is one "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." Lewis v. United States, 70 F.3d 597, 600 (Fed. Cir. 1995) (quoting Balt. & Ohio R.R. Co. v. United States, 261 U.S. 592, 597 (1923)). Like an express contract, in order to assert a claim based on an implied-in-fact contract, a plaintiff must show: (1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance and; (4) actual authority on the part of the government's representative to bind the Government. Flexfab, LLC v. United States, 424 F.3d 1254, 1265 (Fed. Cir. 2005); Abraham v. United States, 81 Fed. Cl. 178, 184 (2008).

In support of his claim, Mr. Mastrolia states that "Defendant made various oral agreements and representations to plaintiff" and that "Defendant violated these and other oral representations." (Compl. ¶¶ 37-39.) Mr. Mastrolia's complaint offers no additional information pertaining to who allegedly made such representations, the subject or content of the "oral representations," when such representations were made, or how the USPS apparently violated any "oral agreements." A reading of Mr. Mastrolia's complaint demonstrates only that his requests to his supervisors to accommodate his back injury were allegedly denied. He provides no other indication that the parties' intended to enter into a contract on the authority of a government representative binding the USPS. Mr. Mastrolia misses the mark in attempting to allege a breach of an implied-in-fact contract claim upon which the Court may grant relief. This claim is hereby DISMISSED.

## C. Defendant's Motion to Dismiss Plaintiff's Other Requests for Relief is Premature.

As previously stated, Mr. Mastrolia seeks the following damages as a result of the USPS's alleged contractual breach: compensatory damages in the amount of $150,000; damages for humiliation, mental, and emotional distress; statutory damages, liquidated and punitive damages; pre-judgment interest on lost wages; attorneys' fees and costs; and "other, further and different relief as the Court deems fitting." (Compl. 6.) The Court has already determined that it has jurisdiction to entertain Plaintiff's claim for monetary damages and has dismissed his claim for punitive damages, pre-judgment interest, and emotional distress. Defendant, however, apparently finds objectionable the remainder of Plaintiff's requests for relief. Defendant argues that Plaintiff's request for attorneys' fees and costs should be dismissed pursuant to RCFC 12(b)(1) because Plaintiff has failed to point to any statute

---

[3](...continued)
claim.

authorizing an award for attorneys' fees or alternatively because Plaintiff should submit an Equal Access to Justice Act ("EAJA") application for attorneys' fees should he prevail upon his claims.  (Def. Mot. Dismiss 17-18.)  Defendant also asserts that Plaintiff failed to point to any statute or provision in the settlement agreement warranting his request for liquidated and statutory damages.  Id. at 25-26.

It is well-established that the Court of Federal Claims, in appropriate circumstances, possesses jurisdiction to award attorneys' fees and costs.  See 28 U.S.C. § 2412(a)(1) (2006).  The Court thus finds that Defendant's jurisdictional challenges to Plaintiff's request for attorneys' fees unavailing.  Moreover, whether the USPS breached the settlement agreement is independent of the amount of damages resulting from the breach.  Therefore, the Court finds that reaching the damages issue before the Court has entertained the merits of Plaintiff's breach of contract claim is premature.  If Defendant seeks more information pertaining to the alleged factual basis underlying Plaintiff's request for damages, it need only take advantage of the discovery tools available under the Court's Rules.  Defendant's motion to dismiss these claims therefore is DENIED without prejudice.

Conclusion

Plaintiff's breach of contract claims are not subject to exclusion from this Court's jurisdiction under 28 U.S.C. § 1500 because they do not arise from the same operative facts.  The administrative process outlined in the 2006 settlement agreement is not Plaintiff's exclusive remedy in this case.  Plaintiff may therefore proceed in this Court with his action for monetary damages based upon Defendant's alleged breach of the 2006 settlement agreement.  While Plaintiff's breach of an express contract claim  states a claim upon which relief may be granted, Plaintiff's implied-in-fact contract claim and covenant of good faith and fair dealing claim must be dismissed.  Further, although the Court lacks jurisdiction over Plaintiff's claims for punitive damages, pre-judgment interest, and damages for emotional and mental distress, Defendant's request to dismiss Plaintiff's requests for attorneys' fees and other relief is premature and is denied without prejudice.  Based upon the foregoing, Defendant's motion to dismiss under RCFC 12(b)(1) and 12(b)(6) is GRANTED in part and DENIED in part.  The Court will contact counsel of record within 20 days to schedule a status conference to establish further proceedings in this case.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge